**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Howard BROOMFIELD, Defendant—Appellee.**

**No. 05–55066.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2006.*

Filed March 6, 2006.

Becky S. Walker, Esq., Michael C. Zweiback, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellant.

Howard Broomfield, Atwater, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

MEMORANDUM **

A jury convicted Howard Broomfield of various narcotics-related charges, including engaging in a "continuing criminal enterprise" ("CCE") in violation of 21 U.S.C. § 848. One element of the offense requires that the defendant act "in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management." *Id.* § 848(c)(2)(A). Broomfield appealed, arguing that two or three of the twelve potential supervisees listed in the indictment could not, as a matter of law, count toward the requisite five because they were merely customers. He claimed that the trial court's failure to instruct the jury on this point warranted reversal. We affirmed the conviction and sentence, stating that in light of the unsettled governing law, the trial court's failure to give the instruction sua sponte was not plain error. *See United States v. Broomfield,* No. 96–50349, 1998 WL 551971, at *3–4, 1998 U.S.App. LEXIS 21165, at *9–12 (9th Cir. Aug. 27, 1998). Broomfield then filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel for failure to object to the CCE jury instruction or to proffer a "mere buyer" instruction. The district court granted the motion, and the government filed this appeal.

A defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's performance was deficient, and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We need not address the first prong because the alleged error did not prejudice Broomfield within the meaning of *Strickland*.

Broomfield only alleged that two or three of the twelve persons listed in the indictment were mere buyers who could not legally qualify as supervisees. However, the prosecution presented overwhelming evidence at trial that Broomfield supervised more than five of the persons listed in the indictment. The district court recognized this, noting in its ruling that more than five of the twelve persons clearly qualified as supervisees. In light of all the incriminating evidence at trial, there is no "reasonable probability" that "the factfinder would have had a reasonable doubt respecting [Broomfield's] guilt" if the trial court had given the "mere buyer" instruction. *See id.* at 695, 104 S.Ct. 2052.

**REVERSED.**